```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,    }
                               }
     Plaintiff,                }
                               }       CIVIL ACTION NO.
v.                             }       05-1335-S
                               }
BRITT A. WOOD, et al.,         }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION**

The court has before it the motion of plaintiff, Allstate Insurance Company ("Allstate"), for summary judgment on its complaint for declaratory judgment. Allstate claims that the policies for automobile and homeowner's insurance it issued to defendant, Britt A. Wood ("Wood"), cannot be construed to provide him coverage for any claim brought by defendant, Linda Phillips ("Phillips"). Defendants both admit that the automobile policy does not cover the injuries Phillips sustained while riding on Wood's all-terrain vehicle ("ATV"), but claim that Wood's homeowner's policy provides coverage for the accident in question. For the reasons that follow, summary judgment is due to be granted in Allstate's favor as to both policies.

*Facts*[1]

On June 27, 2004, Phillips was injured while riding on an ATV driven and owned by Wood.  The accident did not occur on Wood's property.  The ATV was a gasoline-powered vehicle designed for off-road usage.

*Analysis*

The homeowner's insurance policy issued to Wood by Allstate was in effect on June 27, 2004.  It provides an exclusion for injuries resulting from motor vehicle accidents, but also contains an exception to that exclusion:

> *Losses We Do Not Cover Under Coverage X:*
> . . . 5.  We do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer.  However, this exclusion does not apply to:
> > . . . b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises** . . . .

(emphasis in original).  Both layers of the policy scheme relate to this accident.  First, the policy explicitly excludes from coverage

---

[1] Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing whether the movant has met its burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the nonmovant.  *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). In accordance with this standard, this statement of facts includes both undisputed facts and, where there is a dispute, the facts according to the nonmovant's evidence, and the legitimate inferences therefrom.

injuries resulting from a variety of activities related to motor vehicles.  Second, the exception to that exclusion provides coverage if the motor vehicle is designed for recreational, off-road use, but not if it is owned by an insured person and is used away from his premises.  A close reading of these provisions reveals that the question of whether to classify Wood's ATV as a motor vehicle determines the outcome of the coverage question.  If the ATV is not a motor vehicle, none of the above provisions are applicable, and summary judgment is due to be denied.  However, if it is a motor vehicle, the exclusion for bodily injuries sustained on a motor vehicle applies, and the exception to the exclusion is inapplicable because Wood owned the ATV and was operating it away from his premises at the time of the accident.  Therefore, the only issue to be decided by the court is whether Wood's ATV is a motor vehicle.  The outcome of Allstate's summary judgment motion depends on the answer to this not-too-simple question.

The fact that the homeowner's policy does not define the term "motor vehicle" complicates the matter.  While Alabama law mandates that ambiguities in an insurance policy must be resolved in favor of the insured party, *e.g.*, *Allstate Ins. Co. v. Skelton*, 675 So. 2d 377, 379 (Ala. 1996), an undefined phrase does not necessarily create an ambiguity. *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 692 (Ala. 2001).  Instead, "the court should simply give the undefined word or phrase the same meaning that a person of

ordinary intelligence would give it." *Id.* (citing *Carpet Installation & Supplies of Glenco v. Alfa Mut. Ins. Co.*, 628 So. 2d 560 (Ala. 1993)). That is, the court should use a layperson's definition of an undefined term, *National Union Fire Ins. Co. v. City of Leeds*, 530 So. 2d 205, 207 (Ala. 1988), and a dictionary is the quintessential compilation of lay definitions. *Carpet Installation*, 628 So. 2d at 562. The *American Heritage Dictionary* defines "motor vehicle" as a "self-propelled wheeled conveyance, such as a car or truck, that does not run on rails." *American Heritage Dictionary of the English Language* (4th ed. 2000).[2] Applying this common sense definition, Wood's ATV must be classified as a motor vehicle. Therefore, because the homeowner's insurance policy specifically excludes the type of accident at issue, summary judgment must be granted to Allstate.

Wood and Phillips offer an alternative definition of "motor vehicle," borrowed from an Alabama statute.

> (4) MOTOR VEHICLE. Every self-propelled vehicle which is **designed for use upon a highway**, including trailers and semitrailers designed for use with the vehicles (except traction engines, road rollers, farm tractors, tractor cranes, power shovels and well drillers) and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails.

---

[2] The same source defines "all-terrain vehicle" as a "small, open **motor vehicle** having one seat and three or more wheels fitted with large tires. . . ." *American Heritage Dictionary of the English Language* (4th ed. 2000) (emphasis added).

4

Ala. Code § 32-7-2(4) (1975) (emphasis added). The evidence in the record shows that Wood's ATV would not be a motor vehicle if this definition is employed, because it is not designed for highway use. Defendants cite to *Peachtree Casualty Insurance Co., Inc. v. Sharpton*, 768 So. 2d 368, 371 (Ala. 2000), for the proposition that the Alabama Legislature's definition in § 32-7-2(4) of "motor vehicle" should be borrowed when an insurance policy is silent as to this term. This court declines to adopt this statutory definition for two reasons. First, the facts of *Sharpton* centered around underinsured/uninsured motorist coverage in an automobile insurance policy. The section of the Alabama Code defining the term "uninsured motorist" and outlining state automobile insurance requirements related to such motorists appears in the very chapter whose terms § 32-7-2 defines. *See* Ala. Code § 32-7-23 (1975). Because the instant facts are clearly distinguishable, the Alabama Supreme Court's borrowing of the statutory definition in the uninsured motorist context lends little support to the argument that the § 32-7-2 definition should be used in a largely unrelated context. Second, the definition proffered by defendants produces an unintelligible result when inserted into this particular homeowner's policy. Because any court interpreting an insurance contract "must read each phrase in the context of all other provisions," *Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker & Lowther, P.C.*, 703 So. 2d 866, 870 (Ala. 1996), defendants'

definition could not have been intended by the parties when they executed the homeowner's policy. If a motor vehicle must be "designed for use upon a highway," as § 32-7-2(4) requires, then the policy provision excepting "any motor vehicle designed principally for recreational use off public roads" is nonsensical; there would be no reason to except recreational off-road vehicles when they are not, by definition, motor vehicles. The court will not force the § 32-7-2(4) definition on Allstate when doing so would be contrary to the intent of the parties at the time of contract formation. The court instead will apply the common sense definition of "motor vehicle." Summary judgment will therefore be granted to Allstate on the question of its liability for the injuries sustained by Phillips.

### *Conclusion*

For the foregoing reasons, the court will grant Allstate's motion for summary judgment by separate order.

Done this 22nd day of June, 20006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE